UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | REPORT AND RECOMMENDATION OF SPECIAL MASTER |
| ------------------------------------------------------------ x | 1:24-MC-03415-BMC-JAM |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBERS:<br><br>145748 (BECKS SPORTS GRILL #3, LLC), and 147684 (TSUNAMI LLC). | 1:26-MC-03948-BMC-JAM |

------------------------------------------------------------ x

**Parties and Representatives**:

Amanda Bender
Claims Compensation Bureau ("CCB")
130 Corporate Blvd.
Norfolk, VA 23502
(610) 834-9010
analyst@claimscompensation.com
Representative of CCB

Charles Young
Serendipity Asset Recovery Group ("SARG")
1980 Festival Plaza Dr.
Las Vegas, FL 33446
(732) 689-0297
claims@sargrp.com
Representative of SARG

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

CCB and SARG have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Becks Sports Grill #3, LLC (Taxpayer Identification Number ("TIN") ending in 1264) ("Becks"), and Tsunami LLC (TIN ending in 4924) ("Tsunami" or collectively with Becks, the Two Merchants").[1] Both registrants are TPFs that entered into claim filing agreements with each of the Two Merchants.[2] CCB entered into an agreement with each in 2015, with Amber Buck signing on the merchants' behalf using the title "HR." SARG entered into an agreement with each in 2024, with Darin Beck ("Beck") signing on the merchants' behalf using the title "Owner." After being notified of the conflict, Beck (now identifying himself as "Pres/CEO") designated SARG as his claim filing agent to "settle any conflicts that exist." I therefore respectfully recommend that the Court direct the Class Administrator to withdraw CCB's registrations and process SARG's.

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class, a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. Where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014) (describing "the business of third-party claims filing companies").

The record before me includes the following documents:

- Claim Service Agreement dated March 13, 2015, between CCB and Becks;
- Claim Service Agreement dated March 13, 2015, between CCB and Tsunami;
- Agreement for Representation & Authority to Represent dated February 14, 2024, between SARG and Becks;
- Agreement for Representation & Authority to Represent dated February 14, 2024, between SARG and Becks;
- Class Administrator's Conflict Notice dated April 5, 2024;
- Email dated April 17, 2024, from Beck to SARG and the Class Administrator authorizing SARG to serve as his claim representative and expressing the hope that "this will settle any conflicts that exist" (forwarded by SARG to CCB, the Class Administrator, and Beck on February 14, 2025);
- Class Administrator's Determination Notice dated February 11, 2025;
- A spreadsheet attached to CCB's email of December 2, 2025, listing merchants included in CCB's request for review by Special Master;
- Class Administrator's Appeal Notice dated December 12, 2025;
- Letter dated January 23, 2026, from CCB to Class Administrator; and
- Other emails dated April 16, 2024-April 15, 2026, among the parties and the Class Administrator.

## II. Analysis

It is blackletter law that a principal generally has the power to revoke an agent's authority, regardless of the existence of any contract between the two under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011);

Restatement (Third) Of Agency § 3.06 (2006).[3] Beck, as the Two Merchants' owner, therefore has the authority to choose an agent to register their *MDL 1720* claims with the Class Administrator. Regardless of any contractual rights CCB may have as a result of its prior agreements with the Two Merchants, it has no power to override Beck's choice of their agent. I therefore respectfully recommend that the Court permit SARG, and not CCB, to register the Two Merchants' TINs.

I do not discount the possibility that CCB may have some enforceable right to relief against the Two Merchants or some other party arising out of the 2024 agreements. But CCB must assert any such claim against the allegedly liable party rather than as a direct claim for a portion of the settlement fund. CCB has not mentioned the possibility of any such lawsuit, and I do not address its merits here. Further, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In Re MDL 1720 Damages Class Settlement Disputes*, 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

## III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to withdraw CCB's registrations and process SARG's.

---

[3] The general rule does not apply when the authority granted to the agent is a "power given as a security." *See, e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a third-party filer's agreement to file a claim on behalf of a merchant in exchange for a portion of the merchant's recovery does not create a power given as a security; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency § 3.12, illus. 4 (2006) ("P develops a mechanical invention and engages A to patent the invention…. P authorizes A to file patent documents on P's behalf…. P agrees … to pay A half of P's profits. Even if A's authority is stated to be irrevocable, A does not hold a power given as security.")

IV. Objections

This Report and Recommendation will be served on CCB and SARG via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03948-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: October 1, 2026

*/s/ James Orenstein*
Special Master